IN THE SUPREME COURT OF THE STATE OF MONTANA

_____

IN RE THE ADOPTION OF UNIFORM       )
CASE FILING STANDARDS FOR          )     O R D E R
DISTRICT COURTS                        )

_____

On April 22, 2005, the District Court Council (DCC) statutorily created to implement state assumption of district court expenses and allocate resources among the district courts, among other things, petitioned the Court to adopt Uniform Case Filing Standards for the District Courts. The DCC, together with the invaluable assistance of the Clerks of the District Courts, worked on these filing standards for approximately two years. The district courts and the clerks have had several opportunities to comment on, and seek revision of, the proposed uniform case filing standards. The courts, the clerks and the DCC are now satisfied with the filing standards and the DCC adopted them at its meeting on April 22, 2005.

The uniform filing standards will create a uniform filing system in all district courts which will promote consistency, and provide for efficient and effective administration of court business. The standards also will enable the clerks and courts to collect and report accurate and consistent statewide statistical information regarding the caseloads in the various district courts. In turn, this information will provide necessary management and resource allocation data.

The DCC requests that these uniform case filing standards be adopted without delay and without public comment, with an effective date of January 1, 2006. The DCC suggests that the time lag is necessary to provide sufficient time for training Clerks, county attorneys and others who will be impacted by the standards, and we agree. We also agree that public comment is not necessary on the standards since they are primarily an internal management and resource allocation tool of which the Clerks, District Courts and many, if not all, county attorneys are already aware.

THEREFORE,

1

IT IS ORDERED that the DCC's petition for adoption of the Uniform Case Filing Standards for the District Courts is GRANTED;

IT IS FURTHER ORDERED that the Uniform Case Filing Standards for the District Court, attached hereto and incorporated by reference herein, are adopted as of this date, with an effective date of January 1, 2006.

The Clerk is directed to mail a true copy of this Order and the adopted standards to the District Court Council, to the Executive Director of the State Bar of Montana with a request that the Order be included in the next issue of the *Montana Lawyer* and that the Order and adopted standards be posted on the State Bar's website, and to the State Law Library with a request that the Order and standards be posted on its website, as well as the Court's website.

DATED this 3rd day of May, 2005.

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ JOHN WARNER

/S/ JAMES C. NELSON

/S/ JIM RICE

/S/ BRIAN MORRIS

# Montana Judicial Branch
## District Court
### Uniform Caseload Filing Standards

The District Court Council is preparing to conduct a study of workload across its 22 Judicial Districts in order to determine a means for the most effective and appropriate allocation of resources. This study will be based on quantitative data regarding caseload in each of the state's 56 District Courts. In advance of this study, the DCC is completing development of a unified method to count cases and report caseload statistics across District Courts. The implementation of a unified case counting system will ensure that data regarding caseload reported by each District Court is consistent and can be used as a meaningful tool to determine the appropriate need for resources in each District Court.

Through this process, 13 District Court case types were identified. Within each case type decisions were made as to the procedures for the following key events relative to the maintenance of the court record in the office of the Clerk of Court: (1) OPENING of the case file; (2) CLOSING of the case file; (3) REOPENING of the case file; (4) designation of the case file as INACTIVE; and (5) other procedures based on a specific case type.

These procedures are intended **_solely_** for purposes of record-keeping within the office of the Clerk of Court.

_Please note that terms such as "order," "judgment," "petition," et al are used generically in many places throughout the document._

# I - CRIMINAL (DC)

A criminal case file shall be OPENED upon the filing of an initial criminal pleading. A separate case file shall be OPENED and case number assigned for each named defendant, inclusive of all criminal charges relating to the same event or events. Multiple charges involving the same criminal defendant and relating to the same incident or event shall be filed as separate counts under the same case number. The issuance of a judgment, an order of dismissal or denial of initial criminal pleading, or the filing of a signed agreement to defer prosecution of all charges relative to a case, shall CLOSE the case. Following an agreement for deferred prosecution and prior to the issuance of final judgment in a case, a motion filed by any party to the case, or the rearrest of the defendant in the instant matter, shall REOPEN the case file. A case in which no action has been taken for a period of 2 or more years shall remain pending but shall be identified as 'PENDING WITHOUT ACTIVITY' for purposes of record-keeping *only* in the office of the Clerk of Court.

**OPENED:** Upon the filing of an initial criminal pleading. Each defendant assigned a separate case number, inclusive of all criminal charges relating to the same event or events.

**CLOSED:** Upon the issuance of a judgment or order of dismissal or denial of original criminal pleadings.
Upon the filing of a signed agreement to defer prosecution of all charges.
Upon the issuance of a judgment or order deferring or suspending sentence.
Upon the issuance of any post-judgment and sentencing court order.

**REOPENED:1** Following an agreement for deferred prosecution and prior to the issuance of final judgment in a case, a motion filed by any party or the arrest of the defendant in the instant matter shall REOPEN the criminal case.
Upon the filing of a petition to revoke and/or any post-judgment pleading.

**PENDING WITHOUT ACTIVITY:**
Where no action has been taken for a period of 2 or more years, the criminal case shall be designated as PENDING WITHOUT ACTIVITY solely for purposes of record-keeping by the Clerk of Court.

**Effect of NOTICE OF APPEAL**

---

1 Petitions for writ of habeas corpus and petitions for post conviction relief are included in the civil case counts.

Upon the transmission by the Clerk of Court of the record for appeal, the case file shall be CLOSED. Receipt of Remittitur shall REOPEN any case and closure shall be determined by entry of a subsequent final order.

## II - Civil2 (DV)

There will be one filing and case number assigned for each initial complaint or petition filed with the court. A case shall be OPENED upon the filing of an initial complaint, petition, or foreign judgment. A case shall be deemed CLOSED for record-keeping purposes upon the issuance by the court of a final judgment or order. The filing of post-judgment motions shall REOPEN the case under the same file number. Where, prior to the issuance of a final judgment or order, no activity has occurred in a civil case for a period of 3 or more years, the case shall be deemed INACTIVE for record-keeping purposes by the Clerk of Court. If process of service has not been completed in a period of 3 or more years following the filing of an initial complaint or petition, the case shall be presented to the court for dismissal.

Where a Notice of Appeal is received on a case that has been CLOSED for record-keeping purposes following the issuance of a final judgment or order the case shall be REOPENED. Upon the transmission by the Clerk of Court of the record for appeal, the case file shall be CLOSED. Receipt of Remittitur shall REOPEN any case and closure shall be determined by entry of a subsequent final order.

> **OPENED:** Upon the filing of an initial complaint, petition or foreign judgment. Each initial complaint or petition shall be assigned a separate case number, inclusive of all parties named in the complaint or petition.
>
> **CLOSED:** Upon the issuance by the Court of a final judgment or order.
>
> **REOPENED:** Upon the filing of post-judgment motions.
>
> **INACTIVE:** Where, prior to the issuance of a final judgment or order, no activity has occurred in a civil case for a period of 3 or more years, the case shall be deemed INACTIVE for record-keeping purposes by the Clerk of Court. If process of service has not been completed in a period of 3 or more years following the filing of an initial complaint or petition, the case shall be presented to the court for DISMISSAL.

> **Effect of NOTICE OF APPEAL**
> Upon the transmission by the Clerk of Court of the record for appeal, the case file shall be CLOSED. Receipt of Remittitur shall REOPEN any case and closure shall be determined by entry of a subsequent final order.

---

2 It should be noted that this document provides for the maintenance and tracking of court records collectively for *all* other civil matters in the offices of the District Court Clerk of Court. This category includes petitions for writ of habeas corpus and petitions for post conviction relief. In evaluating the workload and determining the need for court resources based on caseload, it may be important to break this category down further to distinguish civil case types based on their level of complexity and the correlating workload.

# III - ADOPTIONS (DA)

An adoption case will be OPENED and a case number assigned upon the filing of a petition for adoption. Each prospective adoptee will be assigned a separate case number. Where a petitioner seeks to simultaneously adopt more than one sibling of the same natural parents, each adoptee will be assigned a separate case number, but the same judge will preside over all such adoptions. An adoption case will be CLOSED upon the issuance of a decree of adoption or an order of dismissal. The filing of a petition, motion, or application to release information or unseal an adoption, or a petition to invalidate an adoption, shall REOPEN the case with the same case number. The case shall be CLOSED upon a post-decree court order. A case in which no action has been taken for 3 or more years shall be deemed INACTIVE for purposes of record-keeping by the Clerk of Court.

Upon receipt of a Notice of Appeal by the District Court Clerk of Court, a District Court case file shall be designated as CLOSED for purposes of record-keeping. Upon receipt by the court of a remittitur, the Clerk of Court may REOPEN the case under the same case number. Closure shall be determined by entry of subsequent final order.

**OPENED:** Upon the filing of a petition for adoption.
Each individual adoptee will be assigned a separate case number.

**CLOSED:** Upon the issuance of a decree of adoption or an order of dismissal.
Upon a post-decree court order.

**REOPENED:** Upon the filing of a petition, motion, or application to release information or unseal an adoption, or upon a petition to invalidate an adoption.

**INACTIVE:** Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

**Effect of NOTICE OF APPEAL:**
Upon receipt by the Office of the Clerk of Court of a Notice of Appeal, the case shall be CLOSED for purposes of record-keeping. The case file shall be REOPENED upon receipt of a remittitur in the office of the Clerk of Court. Closure shall be determined by entry of subsequent final order.

## IV - Guardian/Conservator (DG)

There will be one filing for each protected person with a case file OPENED and case number assigned upon the filing of a petition for appointment of guardian or conservator. There will be one filing and case number assigned for each initial petition filed with the court. In the event a guardianship or conservatorship is terminated, the case shall be deemed CLOSED for purposes of record keeping. A new guardianship or conservatorship (following termination of a prior guardianship or conservatorship) filed involving the same protected person shall be filed and a new case number assigned. In the event that a petition seeks guardianship of more than one protected person, a separate case number shall be assigned to each protected person, but the same judge will preside over all guardianship proceedings. Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

**OPENED:** Upon the filing of a petition for appointment of guardian or conservator. Each individual subject of a petition for appointment of guardian or conservator will be assigned a separate case number.

**CLOSED**: Upon the termination of a guardianship or conservatorship.

**INACTIVE:** Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

# V- JUVENILE (DJ)

There will be one file number assigned to each juvenile with a case file OPENED and case number assigned upon the filing of an initial Youth Court pleading. New offenses or revocation of probation shall REOPEN the same file number. This file number shall stay with the juvenile until he or she reaches their eighteenth birthday. It is necessary that Youth Court be familiar with the history of the youth. Any new petitions shall be filed as a consecutively numbered petition within the original case file and case number. Each new petition shall be considered as a new filing for reporting purposes. Cases shall be deemed CLOSED for purposes of record-keeping upon the issuance of a consent decree or final order. Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

**OPENED:** Upon the filing of an initial Youth Court filing, petition or pleading. Each juvenile will be assigned a separate case number. The case number shall stay with the juvenile until he or she reaches the age of 18.

**CLOSED:** Upon the issuance of a consent decree or final order.

**REOPENED:** Upon the filing of a subsequent pleading for a new criminal charge or revocation of probation relative to a juvenile previously seen by the court, the original file shall be REOPENED with the originally assigned case number.

**INACTIVE:** Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

A separate case file shall be OPENED and case number assigned for each child.3  The case shall be OPENED upon the filing of a petition or complaint.  The case shall be deemed CLOSED for record-keeping purposes upon issuance of an order to terminate parental rights or other final court order.  The case files for each child, if filed simultaneously, shall be presided over before the same District Court judge but shall not be consolidated under the same case number.  A case file shall be REOPENED upon the filing of a petition for review of a permanency plan.  A case file shall be CLOSED upon the issuance of a post-termination court order.  Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

Upon receipt of a Notice of Appeal by the District Court Clerk of Court, a District Court case file shall be designated as CLOSED for purposes of record-keeping.  Upon receipt by the court of a remittitur, the Clerk of Court may REOPEN the case under the same case number.  Closure shall be determined by entry of subsequent final order.

**OPENED:** Upon the filing of a petition or complaint.  Each individual child shall be assigned a separate case number.

**CLOSED:** Upon the issuance of an order to terminate parental rights or other court order.
Upon the issuance of a post-termination court order.

**REOPENED:** Upon the filing of a petition for review of permanency plan.

**INACTIVE:** Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

**Effect of NOTICE OF APPEAL:**
Upon receipt by the Office of the Clerk of Court of a Notice of Appeal, the case shall be CLOSED for purposes of record-keeping.  The case file shall be REOPENED upon receipt of a remittitur in the office of the Clerk of Court.  Closure shall be determined by entry of subsequent final order.

---

3 Many children have different putative fathers and the information included in the same files is protected from dissemination to some of the parties in the same case.  The purpose behind this rule is to protect the confidential information related to one child from an individual who may be related to a stepbrother or a stepsister, but not related to the child in question.

# VII - PROBATE (DP)

There shall be one case filing per decedent.  The case shall be OPENED upon the filing of an application or petition to establish probate or a petition for appointment of a special administrator. A case shall be CLOSED upon entering of a decree of distribution or a sworn closing statement of the personal representative.  A petition filed to reopen an estate will REOPEN the original case.  A case will be placed in an INACTIVE status if no case activity has been recorded in the court record for a period of 2 or more years. M.C.A. §72-3-1015.

**OPENED:** Upon the filing of an application or petition to establish probate or the filing of a petition for appointment of a special administrator. Each individual decedent assigned a separate case number.

**CLOSED:** Upon the entering of a decree of distribution or a sworn closing statement of a personal representative.

**REOPENED:** A petition filed to reopen an estate will REOPEN the case under with the same case number.

**INACTIVE:** Where no case activity has been recorded in the court record for a period of 2 or more years the case shall be designated INACTIVE.

# VIII - DOMESTIC RELATIONS (DR)

A domestic relations filing shall include orders of protection, restraining orders, parenting plans, visitation, child support, dissolution of marriage, invalidity of marriage, and any subsequent modifications to the above. The case file shall be OPENED upon the filing of an application or petition or upon the filing of a foreign judgment. Upon the filing of any post-judgment motion or other pleading, the original file shall be REOPENED with the same case number. An application or petition brought by a party not named in the original petition shall initiate a new case file and case number. The case file shall be CLOSED upon the issuance of any final order. Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping. For purposes of clarification, this classification does not include paternity actions.

Where a Notice of Appeal is received on a case that has been CLOSED for record-keeping purposes following the issuance of a final judgment or order the case shall be REOPENED. Upon the transmission by the Clerk of Court of the record for appeal, the case file shall be CLOSED. Receipt of Remittitur shall REOPEN any case and closure shall be determined by entry of a subsequent final order.

**OPENED:** Upon the filing of an application, petition, or foreign judgment. An application or petition brought by a party not named in the original petition or application shall initiate a new case file and case number.

**CLOSED:** Upon the issuance of a final decree or final order.
Upon the issuance of a post-decree final order.

**REOPENED:** Motion or other pleading filed post-decree shall REOPEN the original file with the same case number.

**INACTIVE:** Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

**Effect of NOTICE OF APPEAL:**
Upon the transmission by the Clerk of Court of the record for appeal, the case file shall be CLOSED. Receipt of Remittitur shall REOPEN any case and closure shall be determined by entry of a subsequent final order.

# IX – P<small>ATERNITY</small> (DF)

There will be one file number assigned to each child for the sole purpose of the application or petition for the establishment of paternity. A case shall be O<small>PENED</small> upon the filing of the application or petition for establishment of paternity. All related actions, including orders for child support and parenting plans, shall be recorded as separate Domestic Relations matters. A paternity case will be C<small>LOSED</small> upon a dismissal of an application or petition for the establishment of paternity or upon the issuance of an order of paternity.

A case in which no action has been taken for 3 or more years shall be deemed I<small>NACTIVE</small> by the court.

**O<small>PENED</small>:**   Upon the filing of an application or petition for the establishment of paternity. A separate case number shall be assigned for each child who is the subject of a petition or application for the sole purpose of the establishment of paternity. **Note:** Related actions, including orders for child support and parenting plans, shall be recorded as separate Domestic Relations matters.

**C<small>LOSED</small>:**   Upon the issuance of an order of paternity or other final court order.

**I<small>NACTIVE</small>:**   Where no action has been taken for 3 or more years, the case shall be deemed I<small>NACTIVE</small> for purposes of record-keeping.

There will be one filing for each protected person with a case file OPENED and case number assigned upon the filing of a petition for commitment. On the issuance of an order of commitment, the case shall be CLOSED. A new filing shall REOPEN the same file number. This file number shall stay with the protected person. It is necessary that judge be familiar with the history of the person. Any new petitions shall be filed as a consecutively numbered petition within the original case file and case number. Each new petition shall be considered as a new filing for reporting purposes. Upon the filing of a petition for recommitment the case shall be REOPENED under the same case number. Any petition for recommitment shall be filed as a consecutively numbered petition within the original case file and case number. Each petition for recommitment shall be considered as a new filing for reporting purposes. If a petition for recommitment is filed in a different county than the original petition for commitment, a case file shall be OPENED and a new case number assigned.

These cases are reviewed by the court upon petition by the state. Reviews, petitions and new filings for further order of the court shall REOPEN the case.

Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

> **OPENED:** Upon the filing of a petition for commitment. Each individual subject of a petition for commitment assigned a separate case number.
>
> **CLOSED:** Upon the issuance of an order for commitment, recommitment or dismissal.
>
> **REOPENED:** Upon the filing of a petition for recommitment or the filing of a new petition for commitment.
> Upon court review or petition for further order of the court.
>
> **INACTIVE:** Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

# XI - COMMITMENT OF A PERSON WITH MENTAL ILLNESS (DI)

There will be one filing for each protected person with a case file OPENED and case number assigned upon the filing of a petition for commitment. On the issuance of an order of commitment, the case shall be CLOSED. A new filing shall REOPEN the same file number. This file number shall stay with the protected person. It is necessary that judge be familiar with the history of the person. Any new petitions shall be filed as a consecutively numbered petition within the original case file and case number. Each new petition shall be considered as a new filing for reporting purposes. Upon the filing of a petition for recommitment the case shall be REOPENED under the same case number. Any petition for recommitment shall be filed as a consecutively numbered petition within the original case file and case number. Each petition for recommitment shall be considered as a new filing for reporting purposes. If a petition for recommitment is filed in a different county than the original petition for commitment, a case file shall be OPENED and a new case number assigned.

These cases are reviewed by the court upon petition by the state. Reviews and petitions for further order of the court shall REOPEN the case.

Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

**OPENED:** Upon the filing of a petition for commitment. Each individual subject of a petition for commitment assigned a separate case number.

**CLOSED:** Upon the issuance of an order for commitment, recommitment, revocation of conditional release, or dismissal.

**REOPENED:** Upon the filing of a petition for a new commitment, recommitment or revocation of conditional release.
Upon court review or petition for further order of the court.

**INACTIVE:** Where no action has been taken for 3 or more years, the case shall be deemed INACTIVE for purposes of record-keeping.

## XII – Investigative Subpoena (IS)

There will be one file number assigned to each application for issuance of subpoena, regardless of the number of subpoena requests included within the application. A case file shall be OPENED upon the filing of the application with the court. A case file shall be deemed CLOSED upon the issuance of a subpoena or the denial of the application.

**OPENED:** Upon the filing of an application for subpoena. One file number shall be assigned to each application for issuance of subpoena.

**CLOSED:** Upon the issuance of a subpoena or the denial of an application.

## XIII - SEARCH WARRANT (SW)

There will be one file number assigned to each application for issuance of search warrant. A case file shall be OPENED upon the filing of the application with the court. A case file shall be deemed CLOSED upon the denial of the application or the return of receipt following the issuance of the search warrant.

**OPENED:** Upon the filing of an application for search warrant. Each application for issuance of search warrant assigned a separate case number.

**CLOSED:** Upon the denial of an application or the return of receipt following the issuance of a search warrant.